UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR MANUEL PUELLO TEJADA,<br><br>Petitioner,<br><br>v.<br><br>ORLANDO RODRIGUEZ,<br><br>Respondent. | Civil Action No. 16-5967 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge:

Currently before the Court is the petition for a writ of habeas corpus of Petitioner, Victor Manuel Puello Tejada, pursuant to 28 U.S.C. § 2241. (ECF No. 1). At this time, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice as premature.

## I. BACKGROUND

Petitioner, Victor Manuel Puello Tejada, is a native and citizen of the Dominican Republic who entered this country in December 1995 and has remained here as a lawful permanent resident since that time. (ECF No. 1 at 5). Following a conviction for possession with intent to distribute cocaine in New Jersey, Petitioner was taken into immigration custody on May 4, 2016, and placed into removal proceedings. (*Id.* at 7, 14; *see* ECF No. 1-1 at 2). Petitioner has remained in custody since that date, and does not appear to be subject to a final order of removal at this time. (*Id.*). As of the date of this Opinion, Petitioner has thus been held without a bond hearing for approximately five months.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Analysis

In his petition, Petitioner essentially presents one claim: that he has been detained for longer than a reasonable period of time without a bond hearing under 8 U.S.C. § 1226(c) in violation of *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-*

2

*Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that §1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." *Diop*, 656 F.3d at 231. Determining whether a given period of detention is reasonable under the circumstances is a fact-specific inquiry "requiring an assessment of all of the circumstances of any given case." *Id.* at 234. In the § 1226(c) context, reasonableness "is a function of whether [the period of detention] is necessary to fulfill the purpose of the statute." *Id.*

While *Diop* provided limited guidance on the exact period of time necessary for a given detainee's detention to become unreasonable, the Third Circuit clarified its position on that issue in *Chavez-Alvarez*, 783 F.3d at 478. In *Chavez-Alvarez*, the Third Circuit held that "beginning sometime after the six-month timeframe considered by [*Demore v. Kim*, 538 U.S. 510, 530 (2003)], and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* Thus, while the Third Circuit has not provided a bright line rule as to when a period of detention becomes unreasonable under any and all circumstances, *see id.* at 474 n. 7, it is clear that this does not occur until after an alien has been detained for at least six months. *Id.* at 478.

Here, Petitioner was first detained on May 4, 2016. (ECF No. 1 at 7). Although Petitioner has apparently remained in detention since that date, he has, as of the date of this opinion, been held for approximately five months. As such, Petitioner's detention has yet to exceed the six month period discussed in *Demore*, and his detention has therefore yet to reach a length of time which would bring its validity into question under *Diop* and *Chavez-Alvarez*. *See*

3

*Chavez-Alvarez*, 783 F.3d at 478 (detention does not become questionable until sometime *after* the six months discussed in *Demore*). As Petitioner has not yet been held for six months, his current petition is premature, and must be dismissed without prejudice at this time.

## III. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice to the filing of a subsequent petition in the event that the length of Petitioner's detention becomes unreasonable. An appropriate order follows.

Jose L. Linares
United States District Judge

Dated: October 3, 2016